1                                                      cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONNIE DIBEL; BELINDA HAGEN; and VANESSA BROWN, individually and on behalf of others similarly situated, | ) ) ) | Civil No.06cv2533 BEN(AJB) |
| | ) | |
| Plaintiff, | ) ) | Order Granting Motions to Quash the Deposition Subpoenas and Granting the Motions for Protective Order |
| v. | ) ) | [Doc. Nos. 64 and 73] |
| JENNY CRAIG, INC., JENNY CRAIG INTERNATIONAL, INC.; JENNY CRAIG MANAGEMENT, INC.; JENNY CRAIG OPERATIONS, INC.; JENNY CRAIG PRODUCTS, INC.; JENNY CRAIG WEIGHT LOSS CENTRES, INC.; and DOES 1 through 50, inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants contacted the Court to obtain a hearing date for a Motion to Quash Deposition

Subpoenas to litigation counsel for Defendants, Jenny Craig,[1] as well as the attached document requests[2]

---

[1] The subpoenas seek deposition testimony and documents from: 1) Fred Plevin, counsel for Jenny Craig in this case and the *Cleaves* case; 2) Aaron Buckley, counsel for Jenny Craig in this case and the *Cleaves* case; 3) the custodian of records for Paul, Plevin, Sullivan & Connaughton LLP, the law firm representing Jenny Craig in both this case and the *Cleaves* case; 4) Robert Montes, Jr., counsel for plaintiffs in the Cleaves case; and 5) the custodian of records for Mass & Montes LLP, the law firm representing plaintiffs in the *Cleaves* case.

[2] The documents requests associated with each of the subpoenas seeks the same categories of documents and can be grouped as follows: 1) document requests in categories 1, 2 and 7 through 16, seek documents exchanged in furtherance of settlement and mediation negotiations in the Cleaves matter

1

associated with the subpoenas seeking all documents and discovery responses exchanged between the parties in the related state court action, *Cleaves, et al. v. Jenny Craig, et al*, (hereinafter "*Cleaves* case".[3] Plaintiffs' counsel in the *Cleaves* case, Robert Montes, also filed a Motion to Quash the Deposition Subpoenas issued to himself and the custodian of records for Mass & Montes LLP.  Plaintiffs' in this action, represented by Daniel Friedlander, filed Oppositions to both motions.  Defendants and Mr. Montes each filed a Reply.

For the reasons set forth herein, the Court hereby GRANTS the Motions to Quash Deposition Subpoenas and GRANTS the Motions for Protective Order.

### *Background*

On July 5, 2007, Mr. Friedlander, served or attempted to serve on behalf of plaintiffs in this action, deposition notices on opposing litigation counsel in this action, their custodian of records, and plaintiffs' counsel in the *Cleaves* action, and their custodian of records.  The dates for these depositions were set for July 18 and 19, 2007, respectively.[4]

The fact discovery cut-off set by the Court for this case is July 15, 2008, with all expert discovery to be completed by August 30, 2008.[5]  To date, Plaintiffs' have propounded no other discovery in this case.

### *Discussion*

The Court has broad discretion in controlling the timing of discovery. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir.1976). Additionally, the Federal Rules, by their plain terms, allow the court to limit discovery so as to avoid cumulation, duplication, harassment, expense and burdensomeness. *See* Fed. R. Civ. P. 26(b)(1). The discretion to limit discovery extends to imposing restrictions where the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or

---

and are the subject of a March 16, 2007 California Superior Court Order regarding use and disclosure; 2) document requests in categories 3 through 6 seek discovery responses, demands and documents exchanged in the Cleaves case; 3) and document requests in category 7 seeks expert information.

[3] *Cleaves, et al. v. Jenny Craig, et al*, Los Angeles Superior Court, Case NO. BC354904.

[4] Mr. Friedlander's service of the subpoenas was not in compliance with local civil Rule 83.4.a.1.g, as Mr. Friedlander failed to contact opposing counsel prior to setting the dates for the depositions.

[5] *See* Scheduling Order dated February 21, 2007, Doc. No. 24.

06cv2533

less expensive." Fed. R. Civ. P. 26(b)(1).  The Court may also limit the use of discovery methods otherwise permitted under the Federal Rules if the Court determines that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Additionally, the court has the authority to issue a protective order responsive to the legal issues raised by the parties where it has been demonstrated to the court's satisfaction that such an order would be appropriate. Fed. R. Civ. P. 26(c).

With regard to the Motions to Quash presently before the Court, Rule 45(c) requires the party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.[6]  *See* Fed. R. Civ. P. 45(c)(1).  Where a subpoena seeks disclosure of privileged or otherwise protected information, subjects a person to undue burden, or requires disclosure of an unretained expert's opinion,[7] the Court shall issue an order quashing or modifying the subpoena.

The Court has reviewed the arguments of counsel, the subpoenas and the attached document requests, and finds that the Plaintiffs' have failed to comply with the requirements of Rule 45 in issuing the above-referenced subpoenas.  Specifically, the subpoenas issued to Fred Plevin and Aaron Buckley, opposing litigation counsel, and Robert Montes,[8] Plaintiffs' counsel in the Cleaves case, were not properly served, these witnesses are not fact witnesses, and Plaintiffs' have failed to demonstrated that no other means exist to obtain the information sought.[9]  The fact that Plaintiffs' have not propounded any other discovery in this case clearly demonstrates that other means exist to obtain the requested information and Plaintiffs may not employ extraordinary measures that are inconvenient, burdensome, and expensive to obtain discovery before propounding customary and appropriate Rule 34 requests. As

---

[6] The Court may enforce this duty by imposing upon the issuing party in breach of this duty, an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.  *See* Fed. R. Civ. P. 45(c)(1).

[7] *See* Fed. R. Civ. P. 45(c)(3)(ii)(stating that the Court may quash or modify a subpoena that seeks disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study, which was not made at the request of any party.).

[8] Rule 45(c)(2)(B) requires the Court to protect persons subject to subpoenas that are not parties to the action from significant expense resulting from the inspection, copying, testing or sampling of requested documents.

[9] *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986); *American Casualty Co. v. Krieger*, 160 F.R.D. 582, 589 (S.D. Cal. 1995).

06cv2533

such, the motions to quash subpoenas seeking deposition testimony and documents from Fred Plevin,

Aaron Buckley and Robert Montes are hereby GRANTED.

Similarly, with regard to the subpoenas seeking deposition testimony and documents from the

custodian of records for Paul, Plevin, Sullivan & Connaughton LLP, the law firm representing Jenny

Craig in both this case and the *Cleaves* case, and the custodian of records for Mass & Montes LLP, the

Court finds these subpoenas also fail to comply with the requirements of Rule 45.  The majority of the

attached document requests in category nos. 1, 2, and 7 through16, require disclosure of privileged or

otherwise protected information or unretained expert's opinions.  As a result, only document requests in

category nos. 3 through 6, appear to be relevant and discoverable, and both the Defendants' and

Plaintiffs' counsel in the Cleaves case filed timely objections to these Categories. As such, Plaintiffs'

would be required under Rule 45 to move for an order compelling the production of documents

responsive to these categories[10] and be prepared to demonstrate that they have exhausted the more

convenient, less burdensome, and less expensive discovery procedures available under Rules 33 and 34

to obtain the information sought by category nos. 3 through 6.[11]  However, since motions to quash these

subpoenas were filed by the receiving parties, the Court will instead address the merits of these motions.

The Court also notes that the information sought by document requests in categories 3 through 6

are duplicative when addressed to both custodians of records, since the custodian of records for Paul,

Plevin, Sullivan & Connaughton LLP, the law firm representing Jenny Craig in both this case and the

*Cleaves* case, will have all non-privileged discovery propounded as well as the responses to such

discovery, which were exchanged in the Cleaves cases.  As such, the Court finds the subpoena seeking

deposition testimony and documents from the custodian of records for Mass & Montes LLP to be

duplicative and overly burdensome since the custodian of records for Mass & Montes is a third party

and the requested documents are readily obtainable from Defendants.

Based upon the foregoing, the motion to quash the subpoena seeking deposition testimony and

documents from the custodian of records for Mass & Montes LLP is GRANTED and the motion to

---

[10] *See* Fed. R. Civ. P. 45(c)(2)(B).

[11] The Court may exercise its discretion to limit the use of discovery methods otherwise
permitted under the Federal Rules if the Court determines that the discovery sought is obtainable from
some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P.
26(b)(2)(C)(i).

06cv2533

quash the subpoena seeking deposition testimony and documents from the custodian of records for Paul, Plevin, Sullivan & Connaughton LLP is GRANTED WITHOUT PREJUDICE to Plaintiffs' later re-issuing the subpoena if they are unable to obtain the information sought in categories 3 through 6 through normal discovery procedures under Rules 33 and 34.

Defendants in this action and Plaintiffs in the *Cleaves* case have moved for protective orders limiting discovery with regard to deposition testimony and documents sought by Plaintiffs in the subpoenas. Specifically, Defendants and Plaintiffs in the Cleaves seek a protective order with regard to: 1) document requests in categories 1, 2 and 7 through 16, which seek documents exchanged in furtherance of settlement and mediation negotiations in the Cleaves matter and are the subject of a March 16, 2007 California Superior Court Order limiting the use and disclosure of these documents; and 2) document requests in category 7 which seek unretained expert information.

The Superior Court Order of March 16, 2007 in the Cleaves case, clearly protects all information and documents exchanged for the purposes of settlement and mediation negotiations in the Cleaves matter and the federal mediation privilege extends to communications in preparation for and during the course of mediation. *See* Fed. Rules Evid., Rules 408, 501, 28 U.S.C.A.

Additionally, under Rule 26(b)(4) discovery of facts and opinions from non-testifying experts who are retained in anticipation of litigation or preparation for trial is prohibited except in exceptional circumstances and is intended to allow litigants to consult experts in order to evaluate a claim without fear that every consultation with an expert may yield grist for the adversary's mill. *Moore U.S.A. Inc. v. Standard Register Co.*, 206 F.R.D. 72 (W.D. N.Y. 2001).

Based upon the foregoing and good cause shown, the motion for protective order is hereby GRANTED with regard to: 1) document requests in categories 1, 2 and 7 through 16, which seek documents exchanged in furtherance of settlement and mediation negotiations in the Cleaves matter; and 2) document requests in category 7 which seek unretained expert information.

### *Conclusion*

Upon review of the parties' moving papers, the subpoenas and attached document requests, the Court hereby GRANTS the motions to quash the subpoenas issued to Fred Plevin, Aaron Buckley, and the custodian of records for Paul, Plevin, Sullivan & Connaughton LLP, Robert Montes, and the

06cv2533

1  custodian of records for Mass & Montes LLP.  The motions for protective order are hereby GRANTED

2  with regard to: 1) document requests in categories 1, 2 and 7 through 16, which seek documents

3  exchanged in furtherance of settlement and mediation negotiations in the Cleaves matter; and 2)

4  document requests in category 7 which seek unretained expert information.

5          IT IS SO ORDERED.

6

7  DATED:  August 1, 2007

8                                                              _____

9                                                              Hon. Anthony J. Battaglia
                                                               U.S. Magistrate Judge
                                                               United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28