# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE DIBEL, BELINDA HAGEN, and VANESSA BROWN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JENNY CRAIG, INC., JENNY CRAIG INTERNATIONAL, INC.; JENNY CRAIG MANAGEMENT, INC.; JENNY CRAIG OPERATIONS, INC.; JENNY CRAIG PRODUCTS, INC.; JENNY CRAIG WEIGHT LOSS CENTRES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 06CV 2533 BEN (AJB)<br><br>**ORDER: (1) DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; (2) STAYING PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION; (3) DENYING DEFENDANTS' MOTION TO STRIKE; AND (4) DENYING DEFENDANTS' MOTION FOR AN ORDER SHORTENING TIME ON MOTION TO STRIKE [D.E. 47, 51, 82, 83]**<br><br>Courtroom:    3<br>Judge:           Roger T. Benitez<br>Trial Date:    None Set |

## I.    INTRODUCTION

Plaintiffs move for conditional certification of a proposed nationwide Fair Labor Standards Act ("FLSA ") class, based on a claim for unpaid wages arising from alleged off-the-clock work. (Doc. No. 47). Plaintiffs also move for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction to enjoin Defendants from litigating or pursuing settlement of putative class members' FLSA claims in any action in state court. (Doc. No. 51). After consideration of the briefs and arguments of

counsel, and all other matters presented to the Court, the Court finds as follows:

## II.  PLAINTIFFS' MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION ARE DENIED

Plaintiffs seek to enjoin Defendants from litigating or pursuing settlement of putative class members' FLSA claims in any action in state court. The state court action to which Plaintiffs' motion is primarily directed is the *Cleaves, et al. v. Jenny Craig, et al.* class action pending in the Los Angeles Superior Court, Case No. BC354904.  That action was filed on June 30, 2006, three months prior to the present action, and involves a variety of wage claims, all of which were brought pursuant to California state law.

The state court granted preliminary approval to a class settlement in the *Cleaves* action on July 10, 2007; and in doing so, the state court conditionally certified two settlement classes and ordered that notices of the proposed settlement be mailed to members of the settlement classes.  One of the two settlement classes in the *Cleaves* action also includes all of the putative class members in this action who worked in the state of California.  Notices of the proposed settlement were mailed on July 30, 2007.[1] The *Cleaves* court has scheduled a final approval hearing on October 23, 2007.

Plaintiffs urge this Court to issue an injunction to prohibit Jenny Craig from proceeding with the *Cleaves* settlement, arguing that absent such an injunction, members of the putative class in this action who worked in California, and who are also members of one or more of the settlement classes in the *Cleaves* class action, will be irreparably harmed because: (1) the *Cleaves* settlement releases FLSA claims on an opt-out basis; (2) the *Cleaves* settlement is collusive and unfair to the class members; and (3) the *Cleaves* settlement improperly enjoins class members from filing consents to joinder in this action.

---

[1] The notice gives the class members a choice.  They can: (1) file a claim form and receive a settlement payment; (2) do nothing; or (3) file a request for exclusion ("opt-out") from the settlement.

Without addressing the merits of Plaintiffs' arguments, the Court notes that Plaintiffs' attorneys, as representatives of a group of "objectors" in the *Cleaves* state court action, have already raised, briefed, and argued <u>each</u> of these issues in the state court. More specifically, Plaintiffs' counsel appeared *ex parte* and argued against the preliminary approval of the *Cleaves* settlement on July 9 and July 10, 2007. Notwithstanding the two separate appearances and the numerous arguments raised by Plaintiffs' counsel, the state court granted preliminary approval of the *Cleaves* settlement. The *Cleaves* court found that the settlement was fair, reasonable, and the result of arms-length negotiation. There is no reason for this Court to second guess the state court judge's decision; nor do the principles of equity, comity, and federalism encourage this Court to do so.

The doctrine of abstention established in *Younger v. Harris*, 401 U.S. 37 (1971), requires that a federal court not interfere with an ongoing state judicial proceeding such as the Cleaves action. *Younger* abstention is a "circumscribed exception to mandatory federal jurisdiction," which applies when there is a pending state proceeding that implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims. *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Accordingly, Plaintiffs' Motions for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction against the Jenny Craig defendants are **DENIED** pursuant to the principles enunciated in *Younger*.

**III.   PLAINTIFFS' MOTION FOR FLSA CLASS CERTIFICATION IS STAYED**

Plaintiffs also move for conditional certification of their proposed nationwide FLSA class, based on a claim for unpaid wages arising from alleged off-the-clock work. In the interests of judicial economy and orderly disposition of this case, as well as the direct correlation with the abstention principles discussed above, the Court orders that Plaintiffs' Motion for FLSA Class Certification and all further proceedings be temporarily stayed until October 24, 2007, to allow resolution of the final approval hearing scheduled

for October 23, 2007, in the *Cleaves* action. The trial court has the inherent authority to control its own docket and calendar, including the issuance of stays when appropriate. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The parties are ordered to submit a Joint Status Update Report to this Court, no later than October 26, 2007, explaining the status and disposition of the *Cleaves* action. A courtesy copy of this update should be submitted to Chambers, no later than October 26, 2007. Upon receipt of the update, the Court shall, if necessary, issue an order setting a supplemental briefing schedule regarding Plaintiffs' Motion for FLSA Class Certification.

### IV. DEFENDANTS' MOTION TO STRIKE AND DEFENDANTS' MOTION FOR AN ORDER SHORTENING TIME ARE DENIED AS MOOT

The Court finds it unnecessary to address Defendants' Motion to Strike or Defendants' Motion for an Order Shortening Time, in light of the Court's decision to stay Plaintiffs' Motion for FLSA Class Certification. Therefore, both motions are denied as moot. (Doc. Nos. 82, 83).

### V. CONCLUSION

For the reasons stated above: (1) Plaintiffs' Motion for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction (Doc. No. 51) against the Jenny Craig defendants is **DENIED**; (2) Plaintiffs' Motion for FLSA Class Certification (Doc. No. 47) is **STAYED**; (3) Defendants' Motion to Strike (Doc. No. 82) is **DENIED** as moot; and (4) Defendants' Motion for an Order Shortening Time (Doc. No. 83) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:   August 10, 2007

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE