UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE DIBEL, BELINDA HAGEN, VANESSA BROWN, ANN JOHNSON, LINDA LECIEJEWSKI, TAURUS ANDERSON, CINDY ILLESCAS, SERENA LOPEZ, ALISON GAYLORD, VERA GLUYAS, and KAREN CURRY, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br>     vs.<br><br>JENNY CRAIG, INC.; JENNY CRAIG INTERNATIONAL, INC.; JENNY CRAIG MANAGEMENT, INC.; JENNY CRAIG OPERATIONS, INC.; JENNY CRAIG PRODUCTS, INC.; and JENNY CRAIG WEIGHT LOSS CENTERS, INC.,<br><br>                                    Defendants. | CASE NO. 06CV2533 JLS (AJB)<br><br>**ORDER DENYING DEFENDANT'S OBJECTION TO RULING OF MAGISTRATE JUDGE**<br><br>(Doc. No. 116) |

Presently before the Court is an objection by defendants Jenny Craig, Inc. et al. (collectively, "Jenny Craig") to the November 1, 2007 Order of Magistrate Judge Anthony J. Battaglia directing Jenny Craig to produce to plaintiffs Connie Dibel et al. the contact information for Jenny Craig's California employees who neither affirmatively responded to nor opted out of a class action in Los Angeles County Superior Court. For the reasons stated below, the Court denies the objection.

# BACKGROUND

**A.     State and Federal Actions**

This case is a putative collective action alleging violations of the Fair Labor Standards Act and corresponding provisions of the California Labor Code. Briefly summarized, plaintiffs allege that defendants implemented company-wide policies compelling employees to work before and after their scheduled shifts, while receiving pay only for the time worked during the scheduled shift. (First Amended Complaint ¶ 3.) The complaint was filed in California Superior Court on October 4, 2006 and amended on November 15, 2006. (Notice of Removal, Exhibits A & B.) Defendants then removed to this Court on November 17, 2006. (Doc. No. 1.)

On June 30, 2006, a proposed class action complaint was filed in Los Angeles County Superior Court. See Cleaves et al. v. Jenny Craig, Inc. et al., Case No. BC354904 ("Cleaves"). The Cleaves complaint sought, inter alia, recovery of unpaid wages and overtime, pursuant to provisions of the California Labor Code and other state laws. Cleaves alleges no federal cause of action. (Buckley Decla., Exhibit A.) Cleaves settled in June 2007, and the parties certified two classes of California-based employees exclusively for settlement purposes. (Def. Objection, at 2; Buckley Decla., Exhibit A, at 2.) The notice of proposed settlement sent to class members explained that the settlement "constitute[d] a full and complete settlement and release of all claims arising from, or relating to, the Litigation, including . . . any and all claims under state and federal law" for the relief sought. (Buckley Decla., Exhibit A, at 3.) The notice informed class members that, if they "d[id] nothing" (i.e., neither submitted a claim form nor opted out of the class), they would receive no money in settlement, but would still be bound by the release. (Id. at 4.)

On July 10, 2007, the Hon. Malcolm Mackey approved the Cleaves plaintiffs' motion for preliminary approval of the class action settlement. Jenny Craig represents that, at the motion hearing, counsel for plaintiffs in this action objected that the Superior Court lacked the power to waive federal claims with respect to class members who neither filed claims nor opted out of the Cleaves classes. (Objection, at 4.) Judge Mackey's Order merely states that the Superior Court heard unspecified "Objectors Request for Stay of Order" and "d[id] not find good cause to stay the order." (Buckley Decla, Exhibit B, at 2.)

1  The plaintiffs in this action then applied to this Court for a temporary restraining order to enjoin Jenny Craig for litigating or settling federal claims of the putative class members in any state court. (Doc. No. 51.) The Hon. Roger T. Benitez[1] denied the application for injunctive relief. (Doc. No. 93 & Buckley Decla., Exhibit C.) Judge Benitez expressly refused to reach the merits of the argument that the Cleaves settlement would amount to a release of federal claims. (Id. at 2-3.) Invoking the Court's inherent power to control its own docket, Judge Benitez sua sponte stayed plaintiffs' then-pending motion for class certification until the hearing on the final approval of the Cleaves settlement.[2] (Id. at 3-4.)

On October 31, 2007, Judge Mackey issued a tentative ruling granting a motion for final approval of the class action settlement. (Buckley Decla., Exhibit D.) Judge Mackey expressly acknowledged the objection that "the release of all claims under federal law when the complaint alleged no federal violations interferes with the federal jurisdiction." (Id. at 4.) The tentative ruling rejected this objection, finding that "class members can only recover[] once for the same wrong committed" and further nothing that California labor law offered broader protection than federal law. (Id. at 10.) The final Order approving the class action settlement was entered on November 14, 2007. (Buckley Decla., Exhibit F.)

**B.  Magistrate Judge's Ruling**

On November 1, 2007, after Judge Mackey issued the tentative opinion in Cleaves but before the settlement was finally approved, Magistrate Judge Battaglia conducted a telephonic discovery conference. According to the magistrate judge's Order, Jenny Craig "contend[ed] that the plaintiffs are not entitled to the contact information for the California employees who neither responded or opted out of the pending class action" in Cleaves. (Doc. No. 109 & Buckley Decla., Exhibit E, at 2.) Defendants further argued that the Cleaves settlement waived the federal claims

---

[1] This action was originally assigned to Judge Benitez upon removal from San Diego County Superior Court. The action was then reassigned to the Hon. Janis L. Sammartino on November 9. 2007. (Doc. No. 113.)

[2] In light of the intervening developments in Cleaves, this Court denied plaintiffs' class certification motion without prejudice on December 11, 2007. (Doc. No. 127.) During the telephonic status conference preceding this Order, the Court further noted that defendants had substituted in new counsel during the stay (and after Jenny Craig had already filed its opposition to class certification).

1  of such employees, thus preventing them from being putative class members in this action.

2  Plaintiffs responded that these putative class members had not waived their claims and were,

3  therefore, entitled to receive notice of the possibility that the federal claims remained viable.  To

4  provide such notice, plaintiffs needed defendants to provide the contact information for those

5  putative class members.

6      Magistrate Judge Battaglia ruled for plaintiffs and directed Jenny Craig to provide the

7  contact information of its California employees who neither responded to nor opted out of <u>Cleaves</u>.

8  The magistrate judge reasoned that whether the <u>Cleaves</u> tentative ruling addressed the waiver of

9  federal claims was "immaterial" to the ruling.  Defendants specifically object to the magistrate

10  judge's holding that, "[s]ince the issue of waiver of federal claims for this class of Plaintiff cannot

11  be resolved dispositively by the state court, this Court finds that the information is both relevant

12  and discoverable."  (Doc. No. 109, at 2:18-19.)

13      Jenny Craig filed its objection on November 19, 2007.  (Doc. No. 116.)  Plaintiffs filed

14  their response in opposition on December 3, 2007.  (Doc. No. 121.)

15      **LEGAL STANDARD**

16      District courts review a magistrate judge's pretrial order under a "clearly erroneous or

17  contrary to law" standard. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1063 (9th Cir. 2004) (citing

18  Fed. R. Civ. P. 72(a); accord 28 U.S.C. § 636(b)(1)(A)); <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404,

19  1414 (9th Cir. 1991) (stating that a magistrate judge's decision on nondispositive issues should be

20  reviewed under the "clearly erroneous" standard). As one district court described:

21      This Court's function, on a motion for review of a magistrate judge's discovery
    order, is not to decide what decision this Court would have reached on its own,
22      nor to determine what is the best possible result considering all available
    evidence. It is to decide whether the Magistrate Judge, based on the evidence and
23      information before him, rendered a decision that was clearly erroneous or
    contrary to law.
24  
<u>Paramount Pictures Corp. v. Replay TV</u>, CV 0-9358 FMC (Ex), 2002 WL 32151632, at * 1 (C.D.
25  
Cal. 2002).  "A finding is 'clearly erroneous' when although there is evidence to support it, the
26  
reviewing court on the entire evidence is left with the definite and firm conviction that a mistake
27  
has been committed."  <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948); <u>see also</u>
28  
<u>Anderson v.Equifax Info. Servs. LLC</u>, No. CV 05-1741-ST, 2007 WL 2412249, at *1 (D. Or.

2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").

**DISCUSSION**

Defendant argues that (1) the Los Angeles County Superior Court had the inherent power to release state and federal claims when it approved the settlement in Cleaves and (2) the magistrate judge's Order denied full faith and credit to the state court's judgment approving the Cleaves settlement because the magistrate judge held that the state court could not dispositively resolve the federal claims in Cleaves.

Defendant's first argument correctly states the law. State-court litigants (including members of a plaintiff class) have the right to waive the right to litigate federal claims in a federal forum as part of a settlement agreement that includes the release of those federal claims. Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 385 (1996); Howard v. Am. Online Inc., 208 F.3d 741, 748 (9th Cir. 2000).

However, defendants' second argument fails because it reads too much into the magistrate judge's order. The magistrate judge made no finding as to whether the Cleaves settlement actually included a waiver of federal claims. Instead, the magistrate judge's order, properly understood, held that this Court would decide the preclusive effect of any waiver of federal claims in the Cleaves settlement.[3] This Court will give the Cleaves judgment full faith and credit to the extent authorized by the applicable law, when and if the issue arises during this litigation. While the plaintiffs raised the waiver issue when they applied for injunctive relief, Judge Benitez declined to address their argument, instead relying on principles of abstention, equity, comity, and federalism. (See Doc. No. 93 & Buckley Decla., Exhibit C, at 3 (citing Younger v. Harris, 401 U.S. 37 (1971), and Baffert v. Cal. Horse Racing Bd., 332 F.3d 613 (9th Cir. 2003).) Nor does the magistrate judge's Order amount to a finding on the preclusive effect of the Cleaves judgment. The

---

[3] Plaintiffs' response in opposition phrases the issue nicely: "Magistrate Judge Battaglia correctly concluded that the state court cannot dispositively determine the scope of the class in this case. That will be determined by the federal court at class certification when the federal court rules on whether or not class treatment is appropriate and the scope of the class pursuant to Rule 23." (Opp., at 2:18-22 (internal citation omitted).)

1 magistrate judge merely observed that this Court, rather than the Los Angeles County Superior
2 Court, will make the determination concerning the preclusive effect of the <u>Cleaves</u> judgment.
3 Because any Order on preclusion will issue from this Court, the magistrate judge did not act
4 contrary to law by concluding that the substance of the <u>Cleaves</u> tentative ruling was "immaterial"
5 to the issue of whether plaintiffs could discover the contact information of Jenny Craig's
6 California who did not respond to the notice of settlement in <u>Cleaves</u>.[4]

## CONCLUSION

For the reasons stated herein, the Court **DENIES** defendant's objection to the ruling of Magistrate Judge Battaglia and **AFFIRMS** the November 1, 2007 Order.  If plaintiffs elect to renew their motion for class certification, the parties **SHALL COMPLY** with the briefing schedule previously set forth in this Court's December 11, 2007 Order.

IT IS SO ORDERED.

DATED:  February 7, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[4] Even if the magistrate judge's Order was "contrary to law" in its analysis of the impact of the tentative ruling in <u>Cleaves</u>, the Court would nonetheless deny Jenny Craig's objection on alternative grounds. Federal Rule of Civil Procedure 26(b)(1) entitles a party to discovery of "any matter not privileged, that is relevant to the claim or defense of any party." <u>Cf.</u> <u>Loustalet v. Refco, Inc.</u>, 154 F.R.D. 243, 245 (C.D. Cal. 1993). Here, Magistrate Judge Battaglia found that California employees who did not respond to the <u>Cleaves</u> settlement would have information relevant to plaintiff's claims for FLSA violations, <u>e.g.</u>, personal knowledge of the facts. (Odenbreit Decla. ¶ 5.) The magistrate judge further issued a Protective Order pursuant to the joint motion of the parties to address concerns of privilege and privacy. The magistrate judge's finding that these California employees would have knowledge of relevant background facts, regardless of whether they were eligible to participate as members of the class, is not contrary to law.